**ATLANTIC CREDIT AND FINANCE, INC., Appellee,**

v.

**Carmen L. GIULIANA and Patricia Wilson A/K/A Patricia A. Maurizo, Appellants.**

Superior Court of Pennsylvania.

Submitted April 14, 2003.
Filed July 11, 2003.

Jeffrey L. Troutman, Lancaster, for appellants.

Jeffrey S. Wilson, Philadelphia, for appellee.

Before: JOYCE, KLEIN, JJ., and McEWEN, P.J.E.

McEWEN, P.J.E.

¶ 1 This appeal has been taken from the order entered October 17, 2002, which denied the motion to strike or open the default judgment which had been entered against appellants, Carmen L. Giuliana and Patricia Wilson, by appellee, Atlantic

Credit and Finance, Inc. We are constrained to vacate and remand.

¶ 2 Appellee filed a complaint on March 16, 2001, wherein it alleged, *inter alia*, that it was a Virginia corporation with an address of 4415 Pheasant Ridge Road, Suite 103, Roanoke, VA 24014. Appellee did not allege that it was registered to do business in Pennsylvania as required by 15 Pa.C.S. § 4141(a)[1], but claimed that appellants were indebted to "GM Card" "[i]n accordance with the written contract" in the amount $9,644.66, and owed that sum as well as (1) "interest due from [March 3, 2000] until [March 16, 2001] in the sum of $2,329.19", and (2) attorney fees "[i]n accordance with the written contract, ... due from the date of attached [March 3, 2000] to the date of this suit in the sum of $2,394.77." Appellee further alleged that it was "the purchaser of the account from The GM Card", but failed to attach either any contract or agreement between GM and appellants, or any contract or agreement between GM and itself, other than a single sheet which appears to be a monthly statement from GM Card addressed to appellants dated March 3, 2000, setting forth a new balance as of March 28, 2000, of $9,644.66 based on an interest rate of 24.15% and monthly "over limit charge assessments" of $29.00 and "late charge assessments" of $29.00.

¶ 3 Appellee originally directed the Sheriff to make service on appellants at 637 Wyncroft Lane, Apt. # 1, the address reflected on the single GM Card statement attached to the complaint. Appellants were not served at that address, but, after reinstatement of the complaint, service was made by the Sheriff on December 14, 2001, at 615 Wyncroft Lane, Apt. # 1.

¶ 4 Appellee alleges that, pursuant to Pa.R.Civ.P. 237.1, it mailed a ten-day default notice to appellants at the 615 Wyncroft Lane address on January 4, 2002, the twenty-first day after service of the complaint. Appellee, thirteen days thereafter on January 17, 2002, caused the prothonotary to enter judgment against appellants as follows:

| "Real Debt" | $ 14,368.62 |
| "Interest to 1/02" | $ 2,873.72 |
| "Plus costs of" | $ 253.93 |
| TOTAL | $ 17,496.27 |

¶ 5 Appellants, twelve days thereafter, on January 29, 2002, filed a petition to open or strike the judgment and filed preliminary objections to the complaint. The parties subsequently filed briefs with the court which, by opinion and order dated October 17, 2002, denied the petition to open.[2]

---

1. Section 4141(a) requires registration of foreign corporations which are doing business in Pennsylvania. *See: American Housing Trust, III v. Jones,* 548 Pa. 311, 696 A.2d 1181 (1997); *Leswat Lighting Systems, Inc. v. Lehigh Valley Restaurant Group, Inc.,* 444 Pa.Super. 281, 663 A.2d 783 (1995). This section provides:

   **§ 4141. Penalty for doing business without certificate of authority**
   **(a) Right to bring actions or proceedings suspended.**—A nonqualified **foreign business corporation doing business in this Commonwealth** within the meaning of Subchapter B (relating to qualification) **shall not be permitted to maintain any action or** proceeding in any court of this Commonwealth until the corporation has obtained a certificate of authority. Nor, except as provided in subsection (b), shall any action or proceeding be maintained in any court of this Commonwealth by any successor or assignee of the corporation on any right, claim or demand arising out of the doing of business by the corporation in this Commonwealth until a certificate of authority has been obtained by the corporation or by a corporation that has acquired all or substantially all of its assets.
   15 Pa.C.S. § 4141(a) (emphasis supplied).

2. The petition to strike was based on the failure to provide the ten-day notice required

¶ 6 While appellee has conceded that the petition was promptly filed, it contends that the trial court properly ruled that the judgment could not be opened and correctly found that appellants, because they relied on preliminary objections rather than a proposed answer, had failed to establish the meritorious defense which serves as a condition precedent to opening a judgment:

> In general, a default judgment may be opened when three elements are established: the moving party must (1) promptly file a petition to open the default judgment, (2) show a meritorious defense, and (3) provide a reasonable excuse or explanation for its failure to file a responsive pleading. *Allegheny Hydro No. 1[ v. American Line Builders, Inc.]*, 722 A.2d [189] at 191 [ (Pa.Super.1998) ].

*Penn–Delco School District v. Bell Atlantic–Pa., Inc.*, 745 A.2d 14, 17 (Pa.Super.1999), *appeal denied*, 568 Pa. 665, 795 A.2d 978 (2000).

¶ 7 The threshold issue for our consideration is whether appellants were obliged to file an answer to the complaint or whether preliminary objections were sufficient to join the issues presented therein. The Commonwealth Court, in *Peters Township Sanitary Authority v. American Home and Land Development Co.*, 696 A.2d 899 (Pa.Cmwlth.1997), *appeal denied*, 550 Pa. 712, 705 A.2d 1312 (1997), in holding that preliminary objections rather than an answer may be attached to a petition to open a default judgment, observed:

> Quail Run first argues that the trial court erred in strictly construing the term "answer" within the text of Rule 237.3, thereby rejecting the filing of a "pleading" in the nature of preliminary

objections. According to Quail Run, a standard of liberality, not strictness, should be applied in ruling on a petition to open default judgment. *See* Pa. R.C.P. No. 126. Further, Quail Run contends that examination of the provisions of Rules 1037 and 237, and their respective Commentary Notes, reveals that the court should accept a "pleading" in the form of preliminary objections with regard to Rule 237.3. The Explanatory Comment regarding Rule 1037 states:

> Rule 1037. Judgment Upon Default or Admission. Assessment of Damages.
>
> Subdivision (b) of Rule 1037 provided for the entry of judgment upon praecipe resulting from a default or admission. The rule spoke of failure to file "an answer." This left unclear the effect of filing preliminary objections. This rule is changed to refer to "a pleading," a term which under Rule 1017(a) includes both an answer and preliminary objections. The filing of an answer or preliminary objections will clearly prevent the entry of a default judgment.

Pa.R.C.P. No. 1037 (Explanatory Comment—1994).

Quail Run contends that, if Rule 1037, regarding *prevention* of the entry of default judgment, allows for the filing of preliminary objections, it follows that, under Rule 237.3, regarding *relief* from the entry of default judgment, preliminary objections may also be properly filed. Quail Run notes that, although the language of Rule 237.3(b)(emphasis added) states that "... the court shall open the judgment if the proposed *complaint* or *answer* states a meritorious

by Pa.R.C.P. No. 237.1. The trial court denied the petition to strike based solely on the

presumption of receipt for mail deposited with the U.S. Postal Service.

cause of action or defense," the Explanatory Comment regarding subdivision (b) uses the more inclusive term "proposed pleading" and provides:

Subdivision (b) eases the burden of a party against whom judgment has been entered and who moves promptly for relief from that judgment. If the petitioner files a petition for relief from the judgment within ten days after entry of the judgment on the docket, the rule requires the court to open the judgment if the *proposed pleading* states a meritorious cause of action or defense. . . .

**Thus, Quail Run argues that preliminary objections, in addition to answers, are appropriate attachments to a petition to open, and the trial court erred by holding otherwise. We agree.**

Based on our review of Rules 126, 237.3 and 1037, in conjunction with their associated Explanatory Notes, **we conclude that Quail Run did not invalidate its Petition to Open by attaching preliminary objections, rather than a complaint or answer, to that Petition, and we believe that the trial court abused its discretion by finding that it did.**

* * * *

In considering petitions to open default judgments, a court must determine whether there are equitable considerations which require that a defendant, against whom a default judgment has been entered, receive an opportunity to have the case decided on the merits. *Duckson v. Wee Wheelers, Inc.*, 423 Pa.Super. 251, 255, 620 A.2d 1206, 1208 (1993). Generally, default judgments are not favored. *Kennedy v. Black*, 492 Pa. 397, 402, 424 A.2d 1250, 1252 (1981). It has been stated in regard to default judgments that:

[t]he purpose of the rules in authorizing the entry of default judgments is to prevent a dilatory defendant from impeding the plaintiff in establishing his claim. The rules are not primarily intended to provide the plaintiff with a means of gaining a judgment without the difficulties which arise from litigation . . . .

*Tronzo v. Equitable Gas Co.*, 269 Pa.Super. 392, 395–96, 410 A.2d 313, 315 (1979), quoting *Moyer v. Americana Mobile Homes, Inc.*, 244 Pa.Super. 441, 445, 368 A.2d 802, 804 (1976).

*Peters Township Sanitary Authority v. American Home and Land Development Co., supra*, 696 A.2d at 900–02 (emphasis supplied) (footnotes omitted). We agree with this well reasoned analysis and conclusion of our learned colleagues of the Commonwealth Court that preliminary objections, rather than an answer, may be attached to a petition to open and in that fashion establish a meritorious defense.

¶ 8 As a result, we move to consideration of the validity of the two preliminary objections filed by appellants to the complaint. The first objection is that the complaint, which contained numerous factual averments, had not been verified as required by Pa.R.C.P. No. 1024, but rather had been verified by an unnamed individual identified as a "paralegal" for Atlantic Credit who had no personal knowledge of the facts and was not an officer of the corporate plaintiff.

¶ 9 Rule 1024 requires, *inter alia:*

**Rule 1024. Verification.**

(a) Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information or expecta-

tion of ability to prove the averment or denial at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder.

(b) ....

(c) **The verification shall be made by one or more of the parties** filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, **the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party.**

Pa.R.C.P. No. 1024(a),(c) (emphasis supplied). The verification in the instant case did not conform to the requirements of Rule 1024 but rather provided:

### VERIFICATION

The undersigned who is paralegal of Atlantic Credit & Finance Inc. (*a corporation* organized and existing under the laws of the state of Virginia) (*a partnership* trading under the trade style in the pleading) (*an individual* who is the party in the pleading) having reviewed the averments of the attached pleading verifies that the pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signer. Signer verifies the within pleading is true and correct to the best of the signer's knowledge, information

and belief to the extent that the contents of the pleading are that of counsel, verifier has relied upon counsel in taking this verification. This verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsifications to authorities.

*[undecipherable signature]*

VERIFIER

DATE: 9/21/00

(emphasis supplied)

¶ 10 As noted in Goodrich Amram, "the requirement of a verification is not waivable because without it a pleading is mere narration, and amounts to nothing." 2 Goodrich Amram 2d § 1024(a):1. While our cases acknowledge that amendment should be liberally allowed to cure technical defects in a verification, *see, e.g., George H. Althof, Inc. v. Spartan Inns of America, Inc.,* 295 Pa.Super. 287, 441 A.2d 1236 (1982); *Monroe Contract Corp. v. Harrison Square, Inc.,* 266 Pa.Super. 549, 405 A.2d 954 (1979), there is no doubt but that the verification attached to the complaint in the instant case falls so far short of the statutory mandate that the verification is wholly defective and inadequate to support entry of a $17,496.27 judgment against appellants.

¶ 11 The second preliminary objection of appellants was that appellee had failed to attach to the complaint any writing evidencing any contract between GM Card and appellants as required by Pa. R.C.P. No. 1019, despite the averment of appellee that it had purchased the contractual rights of GM Card and despite appellee's claims that it was entitled to counsel fees and the exorbitant interest rates set forth in the terms of the GM Card contract.[3]

---

**3.** Anyone who is perplexed that banks and lenders can lawfully charge 24.15% interest

on a debt, must surely be appalled to learn that Congress has permitted such bank-

¶ 12 Rule 1019(i) of the Pennsylvania Rules of Civil Procedure requires that where a

> claim or defense is based upon a writing, the pleader shall attach a **copy of the writing, or the material part thereof,** but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

Pa.R.C.P. No. 1019(i) (emphasis supplied).

¶ 13 We find that the failure to attach the writings which assertedly establish appellee's right to a judgment against appellants in the amount of $17,496.27, based on an alleged debt it allegedly purchased for substantially less than $9,644.66, is fatal to the claims set forth in appellee's complaint. Thus, the preliminary objection of appellants based on failure to produce a cardholder agreement and statement of account, as well as evidence of the assignment, establishes a meritorious defense.

¶ 14 The two preliminary objections filed to the complaint in the instant case are both clearly meritorious and should have been sustained. Thus, we remand the case so as to enable the trial court to enter an order sustaining the preliminary objections and striking the complaint without prejudice to the right of appellee to file an amended complaint within 20 days of receipt of the trial court order so ruling.

¶ 15 Order vacated. Case remanded. Jurisdiction relinquished.

er/lenders to wring from debtors additional sums, bearing no relationship to the outstanding debt, for "overcharges" and "late fees". "Don Corleone once rasped: 'A lawyer with his briefcase can steal more than a hundred men with guns.' Mario Puzo, *The Godfather*, p. 51 (Putnam Publishing Group 1969)—one supposes that professional courtesy precluded his allusion to the banker." *Mazaika v. Bank One, Columbus, N.A.,* 439 Pa.Super. 95, 653 A.2d 640, 642 n. 3 (1994), *reversed,* 545 Pa. 115, 680 A.2d 845 (1996).